ROBERT K. PHILLIPS, ESQ.
Nevada Bar No. 11441
MATTHEW B. BECKSTEAD, ESQ.
Nevada Bar No. 14168
**PHILLIPS, SPALLAS & ANGSTADT, LLC**
504 South Ninth Street
Las Vegas, Nevada 89101
(702) 938-1510
(702) 938-1511 (Fax)
rphillips@psalaw.net
mbeckstead@psalaw.net

*Attorneys for Defendant*
*Sam's West, Inc.*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| SAMUDRAJA WEERABAHU,<br><br>                    Plaintiff,<br>v.<br><br>SAM'S WEST, INC., a Delaware Corporation doing business as SAM'S CLUB; and DOES I – X, Unknown Persons or Entities,<br><br>                    Defendants. | Case No.:<br><br>[District Court, Clark County Case No.: A-21-832801-C, Dept. XXIX]<br><br>**DEFENDANT SAM'S WEST, INC.'S PETITION FOR REMOVAL OF CIVIL ACTION**<br><br>**[JURY DEMAND]** |

        COMES NOW, Defendant SAM'S WEST, INC. dba SAM'S CLUB ("Sam's Club" or "Defendant"), by and through its counsel of record, the law firm of PHILLIPS, SPALLAS & ANGSTADT, LLC, and hereby petitions this Honorable Court as follows:

        ///

        ///

        ///

        ///

        ///

- 1 -

**I.**

Petitioner is currently the sole named defendant in the above-captioned action.

**II.**

Plaintiff SAMUDRAJA WEERABAHU ("Plaintiff") brought the above-entitled action in the Eighth Judicial District Court in and for Clark County, Nevada, having filed her original pleading on April 12, 2021. *See* Plaintiff's Complaint, appended hereto as **Exhibit "A"**. That pleading specifically alleged damages in excess of $75,000.00. *See id.* at ¶ 19. Plaintiff served her summons and a copy of her original pleading upon Petitioner on April 21, 2021. *See* Plaintiff's Summons, appended hereto as **Exhibit "B"**. Petitioner filed its responsive pleading on April 22, 2021. *See* Defendant's Answer to Plaintiff's Complaint, appended hereto as **Exhibit "C"**.

Plaintiff's Complaint is the "first paper" from which Petitioner could ascertain removability and which acknowledges that the amount in controversy in this action exceeds $75,000.00. Specifically, the complaint alleges that "Plaintiff has incurred medical expense special damages in excess of $29,343 as a result of the fall and claims general damages in excess of $50,000," showing that the amount in controversy is at least $79,343.00. *See* Plaintiff's Complaint ¶ 19. That total from Plaintiff of $79,343.00 plainly meets the jurisdictional threshold for this Court to maintain diversity jurisdiction over this action. *See* 28 U.S.C. §§ 1332(a), 1441(b).

**III.**

This petition is timely filed under 28 U.S.C. § 1446(b).

**IV.**

This is a civil action over which this Court has jurisdiction under 28 U.S.C. § 1332(a) and one that Petitioner may remove to this Court under 28 U.S.C. § 1441(a).

**V.**

Petitioner is informed, believes, and alleges that Plaintiff is and was a citizen of the State of Nevada at the time this action was commenced.

**VI.**

When Plaintiff filed her complaint, Defendant was a Delaware corporation with its principal place of business in the State of Arkansas. As such, Petitioner is, for diversity purposes, a citizen of the

1  State of Delaware and a citizen of the State of Arkansas.

2                                      VII.

3          The above-entitled civil action is for personal and economic damages that Plaintiff allegedly

4  incurred as a result of an isolated incident at Sam's Club Store No. 6382 in Las Vegas, NV.

5                                      VIII.

6          A copy of Petitioner's Petition for Removal of Civil Action, seeking removal of the above-

7  entitled action to the United States District Court for the District of Nevada, together with copies of

8  Plaintiff's Summons, Complaint, and Petitioner's Answer, has been submitted, or will forthwith be

9  submitted after filing this Petition, to the Clerk of the Court for the Eighth Judicial District in and for

10 Clark County, Nevada.

11                                     IX.

12         True and correct copies of all pleadings and other papers served upon Petitioner in the above-

13 entitled action are filed herewith.

14                                     X.

15         This Petition is filed with the Court within thirty (30) days after Plaintiff filed her Complaint in

16 this action, which Complaint also demonstrates the fact that Plaintiff seeks damages which plainly

17 exceed the $75,000.00 jurisdictional threshold for diversity purposes.

18         It is undisputed that Plaintiff is claiming an amount that exceeds $75,000.00. Where, as here,

19 "the plaintiff claims a sum greater than the jurisdictional amount," the removing party has met its burden

20 to show that removal is appropriate. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing

21 *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). When it is "'facially

22 apparent' that the claims are likely above $75,000," the amount-in-controversy component of diversity

23 jurisdiction has been established. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)

24 (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). *Accord White v. FCI USA,*

25 *Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) (affirming the district court's finding that the amount in

26 controversy was facially apparent from the plaintiff's initial pleading, which established by a

27 preponderance of the evidence that the amount-in-controversy requirement was met); *De Aguilar v.*

28 *Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993) affirming the district court's denial of a motion to remand

where the plaintiffs had claimed damages of up to $5,000,000.00 in other courts for the same injuries at issue in the underlying action). Specifically, Plaintiff's Complaint shows, on its fact, that the amount in controversy exceeds the $75,000.00 threshold. Because this is so, and because diverse citizenship exists in this case, with Defendant being a citizen of Arkansas and Delaware and the sole named defendant to this action, and with Plaintiff being a citizen of Nevada, it is appropriate for this Court to exercise diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

## **PRAYER FOR RELIEF**

WHEREFORE, Petitioner prays that the above-entitled action be removed from the Eighth Judicial District Court in and for Clark County, Nevada to this Court.

DATED this 29th day of April 2021.

**PHILLIPS, SPALLAS & ANGSTADT, LLC**

*/s/ Matthew B. Beckstead*

_____
ROBERT K. PHILLIPS, ESQ.
Nevada Bar No. 11441
MATTHEW B. BECKSTEAD, ESQ.
Nevada Bar No. 14168
504 South Ninth Street
Las Vegas, Nevada 89101

*Attorneys for Defendant*
*Sam's West, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of April 2021, I served a true and correct copy of the foregoing, **DEFENDANT SAM'S WEST, INC.'S PETITION FOR REMOVAL OF CIVIL ACTION**, as follows:

☐ By facsimile addressed to the following counsel of record, at the address listed below:

☐ By placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada;

☐ By Hand Delivery (ROC); and/or

☒ By Electronic Filing/Service Notification through Odyssey File & Serve to:

| ATTORNEY OF RECORD | TELEPHONE/FAX | PARTY |
|---|---|---|
| RYAN ALEXANDER, ESQ. Nevada Bar No. 10845 RYAN ALEXANDER, CHTD. 3017 West Charleston Blvd., Suite 10 Las Vegas, NV 89102 | Phone: 702-868-3311 Fax:     702-822-1133 | |

*/s/ Ashley M. Evans*

An Employee of PHILLIPS, SPALLAS & ANGSTADT, LLC