# Exhibit "A"

Plaintiff's Complaint

Electronically Filed
4/12/2021 7:09 PM
Steven D. Grierson
CLERK OF THE COURT

RYAN ALEXANDER
Nevada Bar No. 10845
RYAN ALEXANDER, CHTD.
3017 West Charleston Blvd., Ste. 10
Las Vegas, NV 89102
Phone: (702) 868-3311
Fax: (702) 822-1133
*Attorney for Plaintiff*

CASE NO: A-21-832801-C
Department 29

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| SAMUDRAJA WEERABAHU, An Individual; <br> Plaintiff, <br> v. <br> SAM'S WEST, INC., a Delaware Corporation doing business as SAM'S CLUB; And DOES I-X, Unknown Persons Or Entities; <br> Defendants. | Case No.: <br> Dept. No.: <br><br> **COMPLAINT** <br><br> **CAUSES OF ACTION:** <br> **(1) Negligence** |

COMES NOW, Plaintiff SAMUDRAJA WEERABAHU ("Plaintiff" and "WEERABAHU"), by and through her attorney of record, Ryan Alexander, Esq., as and for her Complaint against Defendants SAM'S WEST, INC., a Delaware Corporation doing business as SAM'S CLUB, DOES I through X, inclusive, and ROE CORPORATIONS I-X, inclusive (collectively, "Defendants"), and hereby complains, alleges and states as follows:

**PARTIES**

1. Plaintiff SAMUDRAJA WEERABAHU is an individual who resides in Clark County, Nevada.

2. Defendant SAM'S WEST, INC. is a Delaware Corporation doing business as SAM'S CLUB #6382 in Clark County, Nevada.

3. The true names and capacities, whether individual, corporate, associate or otherwise of other Defendant hereinafter designated as DOES I-X, inclusive, and/or ROE CORPORATIONS I-X, inclusive, who are in some manner responsible for injuries described herein, are unknown at this time. Plaintiff, therefore, sues said Defendant by such fictitious names and will seek leave of the Court to amend this Complaint to show their true names and capacities when ascertained.

4. Upon information and belief, at all times pertinent, Defendant were agents, servants, employees or joint ventures of every other Defendant herein, and at all time mentioned hereinafter were acting within the scope and course of said agency, employment, or joint venture, with knowledge and

1

permission and consent of all other Defendants.

5. The Defendants are jointly and severally liable for each defendant's actions.

## JURISDICTION AND VENUE

6. Venue is proper in Clark County, Nevada pursuant to NRS 13.040.

7. Jurisdiction by this Court over each Defendant in this civil action is proper pursuant to NRS 14.065.

8. The incident for which Plaintiffs complains and for which Defendants are liable arises out of negligence of SAM'S CLUB in Clark County, Nevada.

## GENERAL ALLEGATIONS

9. Defendant SAM'S WEST, INC. owns, operates, manages and controls the premises and building known as SAM'S CLUB #6382 ("SAM'S CLUB"), at 7175 Spring Mountain Rd, Las Vegas, NV 89117. SAM'S WEST was in control of the management of said retail store and was held out to the public by the Defendant as the "proprietor" thereof.

10. Defendant SAM'S CLUB employed attendants, to attend the common areas of the above-mentioned premises, and to assist persons lawfully using said premises and maintaining the facilities.

11. On or about June 3, 2019, WEERABAHU was walking in SAM'S CLUB as a customer when she slipped on blueberries on the floor of the store.

12. SAM'S CLUB employees were located throughout the store, but none of the employees cleaned up the blueberries, allowing it to remain a slipping hazard.

13. Alternately, SAM'S CLUB employees dropped the blueberries on the floor themselves, causing the hazard.

14. There were no warning signs or cones indicating that blueberries were spilled on the floor.

15. Defendants knew or should have known that there were blueberries on the floor and that it was a hazard to invitees.

16. There were no caution signs or warnings of blueberries on the floor.

17. There were no warnings that the floor was in an unsafe or slippery condition.

18. Plaintiff suffered physical injuries as a result of the fall, including damage to her extremities,

upper and lower back, and left knee. As a result of the incident, Plaintiff has suffered pain and has lost mobility. Plaintiff continues to suffer and will suffer pain from the injuries in the incident.

19. Plaintiff has incurred medical expense special damages in excess of $29,343 as a result of the fall and claims general damages in excess of $50,000.

20. Plaintiff suffered economic losses and adverse employment effects from the incident.

## FIRST CLAIM FOR RELIEF

(*Negligence*)

21. Plaintiff hereby repeats and alleges all previous paragraphs, as though fully set forth herein.

22. Plaintiff fell as aforesaid, by reason of the negligence of the Defendants in failing to clean and keep dry the grounds of said premises of said corporate defendant; in maintaining said floor in a condition dangerous to the life and limb of persons lawfully using same, in that they failed to clean the floor of blueberries; in maintaining said floor in a slippery condition, dangerous to the life and limb of persons using the same; in failing to use proper cleaning and maintenance standards, and to exercise proper care, or to remedy the slippery condition of the floor to the aforesaid premises with protective strips, coatings or warning signs and cones.

23. Defendants failed to maintain the floor of their facility in reasonably safe condition for use.

24. Defendants knew or should have known about the condition of the floor.

25. Defendants knew that broken merchandise, employees or other invitees of SAM'S CLUB may cause debris or fluids to fall onto the floor and cause a danger to Plaintiff that was foreseeable.

26. Alternately, SAM'S CLUB knew that employees may leave the floor in a wet or unsafe condition due to liquids.

27. Defendants and its attendants failed to take reasonable precautions against the foreseeable dangerous condition caused by employees or other invitees.

28. Defendants failed to exercise due care for the safety of the Plaintiff or other patrons or employees of the SAM'S CLUB on the premises.

29. Upon information and belief, Defendants knew of prior incidents of similar dangerous conditions of liquids or slick substances on the floors being caused on the premises by other persons,

3

or by broken merchandise, and the Defendant had notice or knowledge of those incidents.

30. The doctrine of *res ipsa loquitur* is applicable to Plaintiff's action against Defendants herein, in that at the time that Plaintiff fell, the floor was under the exclusive control of Defendants. If Defendants had cleaned or maintained the floor with reasonable care, instead of in a negligent manner, then, in the ordinary course, Plaintiff would not have fallen as alleged herein.

31. As a result of Defendants' negligence, Plaintiff has suffered physical and emotional pain.

32. As such, Defendant is responsible for damages in excess of $15,000.00.

33. Because of Defendants' acts or omissions, Plaintiff has been required to incur further attorneys' fees and costs in bringing this action and request that the Court grant said fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff is entitled to judgment in his favor and against Defendants, jointly and severally, as follows:

1. For judgment in an amount in excess of $15,000.00;
2. For all costs and all attorneys' fees incurred and accrued in these proceedings;
3. For interest thereon at the legal rate until paid in full; and
4. For such other and further relief as the Court may deem just and proper.

Dated April 12, 2021.                    RYAN ALEXANDER, CHTD.

                                         _____
                                         RYAN ALEXANDER
                                         Nevada Bar No. 10845
                                         *Attorney for Plaintiff*

4