# Exhibit "C"

Defendant's Answer to
Plaintiff's Complaint

**ANS**
ROBERT K. PHILLIPS, ESQ.
Nevada Bar No. 11441
MATTHEW B. BECKSTEAD, ESQ.
Nevada Bar No. 14168
**PHILLIPS, SPALLAS & ANGSTADT, LLC**
504 South Ninth Street
Las Vegas, Nevada 89101
(702) 938-1510
(702) 938-1511 (Fax)
rphillips@psalaw.net
mbeckstead@psalaw.net

*Attorneys for Defendant*
*Sam's West, Inc.*

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| SAMUDRAJA WEERABAHU,<br><br>             Plaintiff,<br><br>v.<br><br>SAM'S WEST, INC., a Delaware Corporation doing business as SAM'S CLUB; and DOES I – X, Unknown Persons or Entities,<br><br>             Defendants. | Case No.:     A-21-832801-C<br>Dept. No.:    XXIX<br><br>**DEFENDANT SAM'S WEST, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

COMES NOW, Defendant SAM'S WEST, INC. dba SAM'S CLUB ("Sam's Club" or "Defendant"), by and through its counsel of record, the law firm of PHILLIPS, SPALLAS & ANGSTADT, LLC, and hereby submits the following Answer to Plaintiff SAMUDRAJA WEERABAHU's (hereinafter "Plaintiff") Complaint, as follows:

    1.     Answering Paragraph 1 of Plaintiff's Complaint, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein and, therefore, denies the same.

    2.     Answering Paragraph 2 of Plaintiff's Complaint, Defendant admits only that Sam's Club, at all relevant times indicated herein, was and is a foreign corporation duly registered and licensed to

do business in the State of Nevada. As to the remaining allegations, Defendant denies the same.

3.      Answering Paragraph 3 of Plaintiff's Complaint, Defendant lacks sufficient knowledge or information regarding the identities of DOES I through X, inclusive, so as to determine the truth or falsity of the allegations contained therein and, therefore, denies the same.

4.      Answering Paragraph 4 of Plaintiff's Complaint, Defendant lacks sufficient knowledge or information regarding the identity of DOES I through X, inclusive, and their alleged relationship, if any, with Defendant so as to determine the truth or falsity of the allegations contained therein and, therefore, denies the same.

5.      Answering Paragraph 5 of Plaintiff's Complaint, Defendant asserts that Plaintiff has alleged a legal conclusion which does not require a response. Moreover, Defendant lacks sufficient knowledge or information regarding the identity of DOES I through X, inclusive, and their alleged relationship, if any, with Defendant so as to determine the truth or falsity of the allegation(s) contained therein and, therefore, denies the same.

6.      Answering Paragraph 6 of Plaintiff's Complaint, Defendant asserts Plaintiff has alleged a legal conclusion that does not require a response. To the extent a response is required, Defendant denies each and every allegation contained therein.

7.      Answering Paragraph 7 of Plaintiff's Complaint, Defendant asserts that Plaintiff has alleged a legal conclusion that does not require a response. To the extent a response is required, Defendant denies each and every allegation contained therein.

8.      Answering Paragraph 8 of Plaintiff's Complaint, Defendant asserts that Plaintiff has alleged a legal conclusion that does not require a response. To the extent a response is required, Defendant denies each and every allegation contained therein.

## GENERAL ALLEGATIONS

9.      Answering Paragraph 9 of Plaintiff's Complaint, Defendant asserts that Plaintiff has alleged legal conclusions which do not require a response. To the extent a response is required, Defendant only admits that a Sam's Club store is located at 7175 Spring Mountain Rd., Las Vegas, NV 89117. As to any remaining allegations, Defendant denies each and every allegation contained therein.

///

10.     Answering Paragraph 10 of Plaintiff's Complaint, Defendant admits only that it employed employees at the subject premises. As to any remaining allegations, Defendant denies any and all remaining allegations contained therein.

11.     Answering Paragraph 11 of Plaintiff's Complaint, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein and, therefore, denies the same.

12.     Answering Paragraph 12 of Plaintiff's Complaint, Defendant denies any and all allegations therein.

13.     Answering Paragraph 13 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

14.     Answering Paragraph 14 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

15.     Answering Paragraph 15 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

16.     Answering Paragraph 16 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

17.     Answering Paragraph 17 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

18.     Answering Paragraph 18 of Plaintiff's Complaint, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein and, therefore, denies the same.

19.     Answering Paragraph 19 of Plaintiff's Complaint, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein and, therefore, denies the same.

20.     Answering Paragraph 20 of Plaintiff's Complaint, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein and, therefore, denies the same.

///

## FIRST CAUSE OF ACTION

### (Negligence – All Defendants)

21.     Answering Paragraph 21 of Plaintiff's Complaint, Defendant incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

22.     Answering Paragraph 22 of Plaintiff's Complaint, Defendant asserts that Plaintiff has alleged a legal conclusion that does not require a response. To the extent a response is required, Defendant denies each and every allegation contained therein.

23.     Answering Paragraph 23 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

24.     Answering Paragraph 24 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

25.     Answering Paragraph 25 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

26.     Answering Paragraph 26 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

27.     Answering Paragraph 27 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

28.     Answering Paragraph 28 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

29.     Answering Paragraph 29 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

30.     Answering Paragraph 30 of Plaintiff's Complaint, Defendant asserts that Plaintiff has alleged legal conclusions and misstated law, all of which do not require a response. To the extent a response is required, Defendant denies each and every allegation contained therein.

31.     Answering Paragraph 31 of Plaintiff's Complaint, Defendant asserts Plaintiff has alleged a legal conclusion that does not require a response. To the extent a response is required, Defendant denies each and every allegation contained therein.

///

32.     Answering Paragraph 32 of Plaintiff's Complaint, Defendant asserts Plaintiff has alleged legal conclusions which do not require a response. To the extent a response is required, Defendant denies each and every allegation contained therein.

33.     Answering Paragraph 33 of Plaintiff's Complaint, Defendant denies the allegations set forth therein.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim or cause of action upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Statute of Limitations.

THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, release, laches, unclean hands, and equitable estoppel.

FOURTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages, as set forth in her Complaint, if any, were directly and proximately caused by forces of nature over which Defendant had no control.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff assumed whatever risks or hazards existed at the time of the events alleged in her Complaint, and Plaintiff is, therefore, responsible for the alleged injuries and damages suffered, if any.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages, as set forth in her Complaint, if any, were caused in whole or in part by the negligence or conduct of third parties over which Defendant had no control.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages, as set forth in her Complaint, if any, are not attributable to any act, conduct, or omission on the part of Defendant, its employees, or agents.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred and/or her recovery is diminished by Plaintiff's own contributory negligence and/or comparative fault due to Plaintiff's own failure to use reasonable care in protecting

Plaintiff's own health.  Plaintiff is not entitled to recovery from Defendant, in that any loss sustained by Plaintiff is the result of negligence or actionable fault on the part of Plaintiff.

NINTH AFFIRMATIVE DEFENSE

Plaintiff's negligence exceeds that of Defendant, if any, combined with the negligence of any other defendant, if any, and Plaintiff is, therefore, barred from any recovery.

TENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages, as set forth in her Complaint, if any, were pre-existing and/or caused by a subsequent accident or incident.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate any damages, and, thus, any recovery should be reduced or eliminated accordingly.

TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has voluntarily waived any potential rights against Defendant.

THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to name essential parties necessary for full and adequate relief in this action.

FOURTEENTH AFFIRMATIVE DEFENSE

Defendant complied with all applicable Nevada and Federal statutes, regulations, and codes at all relevant times stated in Plaintiff's Complaint.

FIFTEENTH AFFIRMATIVE DEFENSE

Defendant contends that if Plaintiff suffered any injuries or damages as a result of the conduct she attributes to this answering Defendant, it follows that prior to the incident giving rise to this action, Plaintiff was aware of the risks and/or hazards, if any there were, at the time and place of the incident; that whatever the conditions were at such time and place, they were obvious, discernible, and were in fact known to and by Plaintiff; and that Plaintiff nonetheless freely and voluntarily consented to assume and did assume these risks and/or hazards, if any there were.

SIXTEENTH AFFIRMATIVE DEFENSE

Defendant hereby incorporates by reference those Affirmative Defenses enumerated in Nevada Rules of Civil Procedure Rule 8(c) as though fully set forth herein. In the event further investigation or

discovery reveals the applicability of such defense, Defendant reserves the right to seek leave of Court to amend its Answer to specifically assert the same. Such defenses are herein incorporated by reference as though fully set forth herein, including for the specific purpose of not waiving the same.

SEVENTEENTH AFFIRMATIVE DEFENSE

It has been necessary for Defendant to employ the services of legal counsel to defend this action, and a reasonable sum should be allowed for attorney's fees, together with the costs expended in this action.

EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant denies each and every allegation of Plaintiff's Complaint not specifically admitted, denied, or otherwise pleaded to herein.

NINETEENTH AFFIRMATIVE DEFENSE

Defendant hereby reserves the right to add additional affirmative defenses as discovery progresses.

TWENTIETH AFFIRMATIVE DEFENSE

Defendant hereby affirmatively pleads the application of the provisions of NRS 41.141, as there is an issue of *bona fide* comparative negligence. To the extent additional defendants are subsequently named in this action, Defendant reserves to right to plead the application of NRS 41.141's provisions regarding several liability.

TWENTY-FIRST AFFIRMATIVE DEFENSE

If it is found that Defendant is liable to Plaintiff for any injuries and damages of the type alleged, all of which are expressly and specifically denied, then Defendant is entitled to indemnification and/or contribution from any judgment over and against such other defendants who may be liable for all or part of any verdict or judgment against this answering Defendant, which was caused by the negligence and/or breach of contract of such other defendants, together with costs and disbursements of this action, including attorney's fees.

TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant hereby incorporates by reference as though fully set forth herein those affirmative defenses enumerated in Rule 12(b) of the Nevada Rules of Civil Procedure.

TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to properly serve Defendant, in that her service of process or the process itself was insufficient, and Defendant reserves the right to move for dismissal of the instant action for want of proper service by Plaintiff.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to properly include or join, under Nevada Rules of Civil Procedure Rule 19, indispensable parties without whom this matter cannot be properly adjudicated.

TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant hereby contends the events, injuries, losses, and damages, if any there were, complained of were the result of an unavoidable accident, insofar as this answering Defendant is concerned, and it occurred without any negligence, want of care, or other breach of duty to Plaintiff on the part of Defendant.

TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff engaged in illegal activities during or pursuant to the subject incident, Plaintiff's claims are barred.

TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant contends that this Court lacks jurisdiction over the subject matter of this action and of each claim alleged therein.

TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff did not reasonably rely on any act, omission, or representation made by Defendant.

///
///
///
///
///
///
///

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff take nothing by her Complaint;

2.    That Plaintiff's Complaint be dismissed with prejudice as to Defendant;

3.    That Defendant recovers attorney's fees and costs incurred herein; and

4.    For such further relief as this Court may deem just and proper under the circumstances.


DATED this 22nd day of April 2021.

**PHILLIPS, SPALLAS & ANGSTADT, LLC**

*/s/ Matthew B. Beckstead*

ROBERT K. PHILLIPS, ESQ.
Nevada Bar No. 11441
MATTHEW B. BECKSTEAD, ESQ.
Nevada Bar No. 14168
504 South Ninth Street
Las Vegas, Nevada 89101

*Attorneys for Defendant*
*Sam's West, Inc.*

1

**<u>CERTIFICATE OF SERVICE</u>**

2       I hereby certify that on the 22nd day of April 2021, I served a true and correct copy of the

3   foregoing, **<u>DEFENDANT SAM'S WEST, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT</u>**, as

4   follows:

5       ☐ By facsimile addressed to the following counsel of record, at the address listed below:

6       ☐ By placing same to be deposited for mailing in the United States Mail, in a sealed envelope

7   upon which first class postage was prepaid in Las Vegas, Nevada;

8       ☐ By Hand Delivery (ROC); and/or

9       ☒ By Electronic Filing/Service Notification through Odyssey File & Serve to:

10

11

| ATTORNEY OF RECORD | TELEPHONE/FAX | PARTY |
|---|---|---|
| RYAN ALEXANDER, ESQ.<br>Nevada Bar No. 10845<br>RYAN ALEXANDER, CHTD.<br>3017 West Charleston Blvd., Suite 10<br>Las Vegas, NV 89102 | Phone: 702-868-3311<br>Fax:    702-822-1133 | Plaintiff |

12

13

14

15                                 */s/ Ashley M. Evans*

                           _____

16                An Employee of PHILLIPS, SPALLAS & ANGSTADT, LLC

17

18

19

20

21

22

23

24

25

26

27

28